UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

```
-----------------------------------------------------
IN RE:                                           )
                                                 )
ELIZABETH KARYN ALLEN                            )
aka ELIZABETH KARYN DIAZ,                        )       CASE NO.  10-22923
                                                 )
          DEBTOR                                 )       CHAPTER  7
-----------------------------------------------------
ELIZABETH KARYN ALLEN,                           )
                                                 )
          MOVANT                                 )
                                                 )
v.                                               )
                                                 )
ANTONIO GUARTAZACA,                              )
                                                 )
          RESPONDENT                             )       RE: ECF NO.  15
-----------------------------------------------------
```

**BRIEF MEMORANDUM AND ORDER ON DEBTOR'S MOTION
TO AVOID JUDICIAL LIEN IMPAIRING EXEMPTION**

Elizabeth Karyn Allen (hereinafter, the "Debtor") commenced the captioned Chapter 7 bankruptcy case by the filing of a voluntary petition on August 25, 2010. Presently before the Court are the Debtor's *Motion for Order Avoiding Judicial Lien Impairing Exemption* (hereinafter, the "Motion"), ECF No. 15, and the Objection thereto, ECF No. 20, filed by Antonio Guartazaca (hereinafter, the "Respondent"). The Debtor seeks to avoid, pursuant to Bankruptcy Code §522(f)[1], all or part of the judicial lien held by the Respondent on grounds that such lien impairs the $75,000 homestead exemption to which

---

[1]  Section 522(f) provides, in relevant part, that "the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled . . . if such lien is . . .a judicial lien." 11 U.S.C. §522(f)(1).

she would be entitled under Conn. Gen. Stat. §52-352b.[2]

The Debtor, in the bankruptcy schedules filed with her petition, scheduled her residence located at 115 South Edgewood Road, Niantic, Connecticut (hereinafter, the "Residence") as an asset valued at $325,000, encumbered by a judicial lien in the amount of $276,000, and a mortgage with an outstanding balance of $243,671. The parties do not dispute that the judicial lien was recorded on the land records prior to the mortgage, or that the judicial lien has priority over the mortgage.

The Respondent, in his Objection, contends the value of the Residence to be $370,000, and that the Mortgagee's rights were foreclosed in a prepetition state-court foreclosure proceeding.

The Court held a hearing on November 3, 2010, at which time both Debtor and Respondent presented written appraisals and oral testimony from their respective real estate appraisers. The Debtor's appraiser valued the Residence at $325,000, and the Respondent's appraiser valued it at $370,000. Having reviewed the testimony and reports in considerable detail, the Court finds the value of the Residence to be $347,500.[3]

Concerning the Respondent's prepetition state-court action to foreclose its judicial lien, the Respondent argues that the mortgage holder's failure to appear in such action

---

[2] The Debtor has elected, under §522(b)(3), to claim exemptions in accordance with Connecticut state law.

[3] The Court finds the respective appraisers, Sydney P. Goldstein and Dwight H. Hughes, to be qualified and credible witnesses with their respective valuations based upon an appropriate comparable sales approach. While their selection of comparables and respective adjustments did not mirror each other, the Court cannot and does not chose to exclude any of the six comparable properties from the valuation analysis. With particular reference to Mr. Hughes' Comparable Sale # 2 (12 Black Oak Road Dr.) the Court finds that the area North of the rail line depicted in the respective "Location Maps" and commonly know as "Giant's Neck" (where the subject property and five of the comparables are located) is sufficiently similar to the area North of Route 95 and 3.07 miles distant from the subject property (the location of 12 Black Oak Dr.) so as not to eliminate 12 Black Oak Dr. as a valid comparable in the valuation calculus. Accordingly, the Court's valuation of the subject property is derived from a simple blending of the appraisers testimony and reports ($325,000 + 370,000 = 695,000 divided by 2 = $347,500).

and the subsequent entry of a default against it extinguished its rights under the mortgage. It is undisputed that, prior to the filing of the Debtor's petition, no judgment of foreclosure had been entered by the state court. Accordingly, the Court concludes that, as a matter of law, the mortgage remains in effect.[4] The rights of a second priority secured party are not terminated prior to entry of judgment.

In light of the Court's valuation of the Residence, and pursuant to the provisions of §522(f)(2), *see, e.g., In re Trahan*, 337 B.R. 448 (Bankr. D.Conn. 2006), the Court finds the monetary extent to which the Respondent's judicial lien does not impair the Debtor's homestead exemption to be $28,829, in accordance with which:

**IT IS HEREBY ORDERED** that the judicial lien of Antonio Guartazaca on the Debtor's real property located at 115 South Edgewood Road, East Lyme (Niantic), Connecticut, recorded on the East Lyme (Niantic) Land Records at Volume 820, Page 285, is preserved to the extent of $28,829, and is **AVOIDED** as to all sums in excess thereof.

Dated: November 9, 2010                                          BY THE COURT

                                                                 Albert S. Dabrowski
                                                                 United States Bankruptcy Judge

---

[4] *See, e.g.,* Conn. Practice Book §17-32(b) ("If a party who has been defaulted under this section files an answer before a judgment after default has been rendered by the judicial authority, the clerk shall set aside the default.").